United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stoncor Group, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-61105-Civ-Scola |
| | ) |
| Airplan USA Corp., Defendant. | ) |

**Order Granting in Part and Denying in Part Motion to Dismiss**

Stoncor Group, Inc. complains that Airplan USA Corp. failed to pay Stoncor for flooring it installed in accordance with the parties' agreement. Stoncor's complaint incorporates three counts: breach of contract; payments for interest by virtue of Florida Statutes § 715.12; and promissory estoppel. Airplan counters that all three counts should be dismissed. First, claims Airplan, Stoncor's breach-of-contract and statutory interest claims should be dismissed because they are both improperly based on terms the parties never agreed to. Second, Airplan contends that promissory estoppel is unavailable where a written contract covers the subject matter of the disputed promises. Accepting all of Stoncor's second amended complaint's allegations as true, the Court finds Stoncor has nudged its claims in counts one and two across the line from conceivable to plausible. With respect to count three, however, Stoncor's claim fails. The Court therefore **grants in part and denies in part** Airplan's motion to dismiss (**ECF No. 21**).

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 2. Background

Sometime in early 2015 Airplan agreed to serve as the general contractor on a project involving improvements to an industrial property in Tamarac, Florida. In relation to those improvements, Stoncor sent Airplan, in its capacity as general contractor, a proposal for supplying and installing commercial flooring for the project at a cost of $344,579.00 (the "Proposal). According to the complaint, Stoncor's five-page Proposal contained various provisions: detailing the phases in which Stoncor suggested the project proceed (2d Am. Compl. at ¶ 8); explaining that the flooring would be installed following the contour of the existing substrate (*id.* at ¶ 9); addressing how defects should be handled by the parties (*id.* at ¶ 10); assessing attorneys' fees (*id.* at ¶ 11); and describing when payments were due (*id.* at ¶ 64). Rather than accept Stoncor's Proposal, however, Airplan instead sent Stoncor a purchase order for the flooring (the "Purchase Order"). Although the Purchase Order listed the cost of the flooring as $344,579.00 (the same amount indicated in Stoncor's Proposal), it did not incorporate the detailed contractual provisions included in the Proposal. Instead, there was only a one-page "General Purchase and Supply Conditions" included with the invoice. The same day it received the Purchase Order, Stoncor returned it to Airplan, stamping it "REVIEWED AND APPROVED." (*Id.* at ¶ 13.)

### 3. Analysis

In its complaint, Stoncor refers only generally to the "Agreement" it reached with Airplan. It describes this Agreement as simply requiring Stoncor "to provide goods and services for the Project in exchange for payment from Airplan." (*Id.* at ¶ 14.) Likely in recognition of difficulties it may encounter in seeking to enforce the terms set forth in its Proposal, as opposed to the Purchase Order, Stoncor, in its complaint, does not directly specify which document the parties' "Agreement" is necessarily based on. Stoncor also does not dispute the validity of either contract. Contrary to Airplan's contentions, Stoncor does not actually base its breach-of-contract claim on any of the Proposal provisions directly. Instead, Stoncor more generally avers only that: the parties entered into an agreement; Stoncor performed its obligations under the agreement; and that Airplan breached the agreement in a number of ways. According to Stoncor, Airplan breached the Agreement by: not allowing Stoncor an agreed-upon opportunity to correct a discoloration defect; improperly terminating Stoncor; failing to pay Stoncor for all its work on the first phase of the project; failing to pay Stoncor for any of its work on the second phase; and preventing Stoncor from performing any work on the third phase. Although Airplan may be right that Stoncor will not be able to rely on the specific provisions set forth in the Proposal to support its claims, the complaint itself does not explicitly rely on them. As such, Stoncor's allegations are enough, under the legal standard articulated above, to state a claim for breach of contract.

Similarly, Airplan's arguments for dismissal of count two are equally unavailing. Airplan complains that Stoncor bases its claim for statutory interest on terms set forth in the Proposal. While Stoncor does recite, within this count, that "[t]he Proposal requires payment to Airplan within net 30 days from invoice date," (*id.* at ¶ 64) it also avers that "[t]he Purchase Order states that 'Payment conditions will be the ones agreed upon during account establishment'" (*id.* at ¶ 65). Though Airplan may be correct that Stoncor's count for statutory interest will fail to the extent it is based on terms set forth in the Proposal, the success of Stoncor's complaint does not rest solely on that basis. This count also, then, survives Airplan's motion to dismiss.

On the other hand, the Court finds merit in Airplan's contention that Stoncor's claim for promissory estoppel is improper. Although it is true that Federal Rule of Civil Procedure 8(e)(2) "generally permit[s a party] to plead both promissory estoppel and breach of contract claims in the alternative," Stoncor's claim for promissory estoppel in this case nonetheless fails. *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1371 (N.D. Ga. 2006).

Stoncor does not allege that either contract, or putative contract, attached to its complaint is invalid or potentially invalid; nor does Airplan deny the existence or validity of any agreement whatsoever. "When neither side disputes the existence of a valid contract, the doctrine of promissory estoppel does not apply, even when it is asserted in the alternative." *Id.* Here, neither party disputes the existence of *a* valid contract, they just appear to disagree on the terms that were actually agreed to. Further a "contract's silence about particular details is not controlling as long as the contract purports to address broadly the disputed issues." *Univ. of Miami v. Intuitive Surgical, Inc.*, 166 F. App'x 450, 454 (11th Cir. 2006). There does not appear to be any dispute that at least one of the contracts attached to the complaint covers the disputed issues. Thus Airplan's motion to dismiss is granted with respect to Stoncor's claim based on promissory estoppel.

Lastly, the Court denies Airplan's request to dismiss, or strike, Stoncor's request for the recovery of attorneys' fees. Although Stoncor does assert that "[t]he Proposal allows [Stoncor] to recover attorneys' fees if it is required to initiate any legal action to collect amounts owed by Airplan," (2d Am. Compl. at ¶ 11), without alleging that that particular term was ever actually agreed to, elsewhere Stoncor also alleges that the parties' agreement generally entitles it to fees (*id.* at ¶ 62). This, again, is enough, although just barely, to state a claim. However, the Court reminds Stoncor, with respect to its demand for fees, that it must comply with the requirements of Federal Rule of Civil Procedure 11(b), which states, in relevant part, that by presenting a pleading, written motion, or other paper to the Court, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law."

### 4. Conclusion

In accordance with the above, Airplan's motion (**ECF No. 21**) is **denied, in part**, with respect to counts one and two, but **granted, in part**, with respect to count three.

**Done and ordered**, at Miami, Florida, on December 21, 2017.

Robert N. Scola, Jr.
United States District Judge